IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| RICH SEA CORP., | Case No. 19-cv-00138-DKW-KJM |
|---|---|
| Appellant, | Bankr. No. 18-00888<br>Adv. No. 18-90030 |
| vs. | |
| DANE S. FIELD, | **ORDER DENYING LEAVE TO APPEAL**[1] |
| Appellee. | |

On March 15, 2019, Appellant Rich Sea Corp. ("RSC" or "Appellant") filed an appeal from an interlocutory order in a bankruptcy adversary proceeding, as well as a motion for leave to appeal pursuant to Federal Rule of Bankruptcy Procedure 8004. Dkt. Nos. 1 to 1-3. The motion for leave to appeal, however, failed to address why leave to appeal should be granted, as required by district courts and the Bankruptcy Appellate Panel in this Circuit. As a result, the Court instructed RSC to file a brief on why leave to appeal should be granted. Dkt. No. 3. Specifically, the Court instructed RSC to explain why (1) the order sought to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal may materially advance the ultimate termination of the litigation. Despite these

---

[1] Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

instructions, RSC's brief fails to explain why the appeal it seeks involves a controlling question of law. As a result, because leave to appeal is a discretionary decision and RSC has failed to adequately explain why this Court should exercise discretion in its favor, this appeal is DISMISSED.

## BACKGROUND

On October 17, 2018, an adversary proceeding was opened between, *inter alia*, RSC and Wai Yin Lam (Lam), the debtor in a Chapter 7 bankruptcy proceeding, following the removal of an action filed in state court against Lam. Dkt. No. 1-3 at 2. The next day, in the adversary proceeding, the Trustee for Lam's bankruptcy estate, Appellee Dane S. Field, filed a motion to expunge lis pendens ("the motion to expunge"). *Id*. at 3.

The bankruptcy court, after conducting a hearing on the motion to expunge, granted the same on February 26, 2019. *Id*. at 7-8; Dkt. No. 1-2 at 28-37. Essentially, the bankruptcy court found that, because RSC's action against Lam did not directly seek to obtain title or possession of property, a lis pendens RSC had filed was not valid and should be expunged. Dkt. No. 1-2 at 28-37.

On March 15, 2019, RSC appealed to this Court the interlocutory order granting the motion to expunge. Dkt. Nos. 1, 1-1. At the same time, RSC filed a motion for leave to appeal ("the motion for leave to appeal"), pursuant to Rule

8004. Dkt. No. 1-2 at 1-4. As discussed above (and further below), the motion for leave to appeal does not mention the discretionary standard a district court or the Bankruptcy Appellate Panel (BAP) considers in this Circuit as to whether to grant leave to appeal. As a result, RSC was instructed to file a brief addressing that standard. Dkt. No. 3. In addition, Appellee was provided leave to file a brief in response. On April 17, 2018, RSC filed its brief, and, a week later, Appellee filed a response. Dkt. Nos. 4, 5.

## **LEGAL STANDARD**

Except in certain limited circumstances not at issue here, a party seeking to appeal an interlocutory order of a bankruptcy judge may only do so with leave of court. 28 U.S.C. § 158(a).[2]

In considering whether to grant such leave, courts generally "loo[k] to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *see also In re Van Zandt*, 2014 WL 1422973, at *1 (N.D. Cal. Apr. 11, 2014); *In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001). The relevant question under Section 1292(b) is

---

[2]There is no dispute that the order sought to be appealed is an interlocutory order for which leave to appeal is required.

"whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation." *Roderick*, 185 B.R. at 604. The Ninth Circuit Court of Appeals has explained the standard as requiring: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The party pursuing an interlocutory appeal has the burden of demonstrating that each of these requirements has been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

## DISCUSSION

The Court begins with the first question: whether the order sought to be appealed involves a controlling question of law. For there to be a controlling question of law, RSC must show that "resolution of the issue on appeal could materially affect the outcome of litigation…." *In re Cement*, 673 F.2d at 1026.

Here, neither the motion for leave to appeal nor RSC's brief addresses the Section 1292(b) requirement that there be a controlling question of law. In fact, the motion for leave to appeal does not even *mention* the relevant standard, let

alone explain why the order sought to be appealed involves a controlling question of law. As for RSC's brief, while RSC addresses why the order sought to be appealed purportedly involves an *unsettled* question of law, *see* Dkt. No. 4 at 2-4, the brief is silent as to whether that question is a *controlling* one for purposes of Section 1292(b), *see id*.

In addition, the Court agrees with Appellee that this case does **not** involve a controlling question of law. *See* Dkt. No. 5 at 1-2. More specifically, whether or not RSC's lis pendens should have been expunged will have no effect on whether RSC will prevail on any of the substantive claims it has raised in the adversary proceeding, including who holds lawful title to various properties.

As a result, RSC has failed to show that the order sought to be appealed involves a controlling question of law.³ Because RSC was required to make that showing, the Court DENIES the motion for leave to appeal. *See Couch*, 611 F.3d at 633.⁴

## **CONCLUSION**

For the reasons set forth herein, RSC's Motion for Leave to File Notice of

---

³The Court notes that, in *In re Cement*, the Ninth Circuit indicated that "issues collateral to the merits" *could* be the subject of a Section 1292(b) appeal. But the Ninth Circuit also observed that "exceptional circumstances" are needed in order to justify such an appeal. *See In re Cement*, 673 F.2d at 1027 n.5. Here, RSC points to no such "exceptional circumstances."
⁴The Court, thus, does not address the remaining Section 1292(b) considerations. *See In re Cement*, 673 F.2d at 1026.

Appeal, Dkt. No. 1-2 at 1-4, is DENIED.  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: April 30, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Rich Sea Corp., v. Dane S. Field*, Civil No. 19-00138 DKW-KJM; **ORDER DENYING LEAVE TO APPEAL**